UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH GRIFFIN,

                      Petitioner,

-against-

WARDEN OF THE OTIS BANTUM CORRECTIONAL CENTER,

                      Respondent.

CIVIL ACTION NO.: 20 Civ. 1707 (AJN) (SLC)

**ORDER OF DISMISSAL**

**SARAH L. CAVE,** United States Magistrate Judge.

Petitioner Jeremiah Griffin filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 while a pretrial detainee in the custody of the New York City Department of Corrections (DOC) on Rikers Island.[1] Griffin challenges his criminal proceedings pending in New York State Supreme Court for Kings County, People v. Griffin, CR-002385-20 KN, and alleges that he is being unlawfully detained "to enforce [a] Yonkers Court detainers hold." (ECF No. 1 at 6.). Griffin also contends that he was discriminated against, unlawfully searched, falsely arrested, and selectively prosecuted because of his race and poverty. (Id. at 4–6).

## I. STANDARD OF REVIEW

The Court may entertain a petition for a writ of habeas corpus from a person challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or

---

[1] Griffin paid the $5.00 filing fee to bring a habeas petition.

person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court must, however, construe pro se pleadings liberally and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal citation omitted); see Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a pro se litigant is not exempt "'from compliance with relevant rules of procedural and substantive law.'" Triestman, 470 F.3d at 477 (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## II. BACKGROUND

The following allegations are from Griffin's petition. On an unspecified date, Griffin was subjected to a "Terry stop without probable cause resulting in stop and frisk [where] nothing [was] found." (ECF No. 1 at 4). On January 30, 2020, a "witness signed a supporting deposition" in which the witness "lied against the exculpatory evidence." (Id.) On January 31, 2020, Griffin's court-appointed attorney waived his "grand jury rights" and allowed a "secret grand jury" proceeding. (Id.)

Griffin alleges that his "false arrest resulted in dismissal of felony complaint charges on January 31, 2020." (ECF No. 1 at 4).[2] The prosecutor "reduced the charges from a felony to a misdemeanor and case docket # CR-002385-20 KN . . . was sent back to Kings Criminal Court." (Id.)

Griffin asserts that he was selectively prosecuted because of "a discriminatory motive" based on his "race and . . . poverty-stricken status." (ECF No. 1 at 5). He asks the Court to dismiss

---

[2] According to the public records of the New York State Unified Court System, in Griffin, CR-002385-20 KN, he appeared on January 31, 2020, and the felony charges under New York Penal Law § 130.65 were dismissed, but misdemeanor charges for forcible touching and aggravated harassment in the second degree remain pending.

the pending criminal charges against him, release him from DOC custody, and enjoin non-parties (including the DOC, Kings County Criminal Court, and the New York Police Department) from enforcing the "Yonkers Court detainers hold [because] it's an illegal hold." (Id. at 6).

### III. DISCUSSION

#### A. Dismissal of State Criminal Proceedings

Griffin asks the Court "to dismiss [the] criminal charges" pending against him in state court. (ECF No. 1 at 6). Under Younger v. Harris, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72–73 (2013) (explaining that a federal court may not enjoin "a parallel, pending state criminal proceeding").[3] The Court therefore dismisses, pursuant to Younger v. Harris, Griffin's claims seeking to dismiss his pending state prosecutions.

#### B. Characterization of Petition

Under 28 U.S.C. § 2241(c)(3), habeas corpus relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A petition for a writ of habeas corpus under § 2241 is generally considered the proper vehicle for a state pretrial detainee who argues that he is in custody in violation of the Constitution or federal law. See McDonough v. Smith, 139 S. Ct. 2149, 2157 n.6 (2019) (noting that "a petition for a writ of habeas corpus . . . is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, . . . including confinement pending trial before any conviction has

---

[3] See also Allen v. Maribal, No. 11 Civ. 2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (explaining that federal habeas corpus is not to be converted into a "pretrial motion forum for state prisoners") (internal citation omitted).

occurred") (internal citation omitted); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973).

Griffin styles this action as a petition for a writ of habeas corpus under § 2241, naming the warden and Kings County Criminal Court as the respondents.[4] He alleges that he was subjected to an unlawful search and false arrest and that he was selectively prosecuted because of "a discriminatory motive" based on his "race and . . . poverty-stricken status." (ECF No. 1 at 5). He does not plead any facts about any individual who was personally involved in falsely arresting or selectively prosecuting him. See Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) (holding that to state a claim under § 1983, a plaintiff must allege facts showing the defendants' personal involvement in the alleged constitutional deprivation); see also Van de Kamp v. Goldstein, 555 U.S. 335, 344 (2009) (holding that prosecutors are absolutely immune from suit for administrative acts that are "directly connected with the conduct of a trial.").

Because Griffin seeks release from custody, he properly styles this action as a petition for a writ of habeas corpus under § 2241. The Court declines to recharacterize this § 2241 habeas petition, in whole or in part, as asserting claims under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 489–90, 500 (1973) (holding that an action under § 1983 is not the proper vehicle for seeking release from custody); Wolff v. McDonnell, 418 U.S. 539, 579 (1974) (agreeing that "only in habeas actions may relief be granted which will shorten the term of confinement").[5]

---

[4] Kings County Criminal Court is listed as "Respondent no. 2" in the Petition, but not on the docket, seemingly as an administrative error.
[5] Nothing in this order prevents Griffin from filing a civil rights action under 42 U.S.C. § 1983, naming as defendants individuals who were personally involved in violating his rights. To do so, Griffin must submit a civil rights complaint to the Pro Se Intake Unit, and either prepay the $400.00 in fees or submit an in

4

### C. Exhaustion of State Court Remedies

Before seeking § 2241 habeas corpus relief, a state pretrial detainee must first exhaust available state-court remedies. See U.S. ex rel. Scranton v. New York, 532 F.2d 292, 294 (2d Cir. 1976) (holding that "[w]hile [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking habeas corpus relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals. See N.Y.C.P.L.R. § 7001, et seq.

Griffin does not allege that he filed a state habeas petition or otherwise fully exhausted available state court remedies before filing this § 2241 petition. Accordingly, the Court denies this § 2241 petition without prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Court dismisses, pursuant to Younger v. Harris, Griffin's claims seeking to enjoin or dismiss his pending state criminal proceedings. The Court declines to recharacterize this § 2241 petition as asserting claims under 42 U.S.C. § 1983, and dismisses the § 2241 petition without prejudice for Griffin's failure to exhaust his state court remedies.

---

forma pauperis application (IFP) and a Prisoner Authorization form agreeing to pay the $350.00 filing fee in installments. Rule 11 of the Federal Rules of Civil Procedure, however, requires parties—including those proceeding pro se—to make a good faith investigation into whether the claims are warranted by law before filing a complaint. Moreover, a prisoner who has three civil actions dismissed as frivolous, malicious, or for failure to state a claim is barred from filing further civil actions IFP, 28 U.S.C. § 1915(g), and must prepay the full filing fee to bring a new civil action.

Griffin may submit, within 30 days of the date of this order, an amended petition demonstrating that he has fully exhausted his grounds for relief by presenting them to the state court and appealing through one complete round of appellate review.  If Griffin submits an amended petition, it must be mailed to the Pro Se Intake Unit and bear the docket number 20-CV-1707 (AJN) (SLC).  If Griffin fails to submit an amended petition within the time allowed, the undersigned will recommend to the district judge that the action be dismissed without leave to replead.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Griffin at the address below, and note service on the docket.

Dated: New York, New York
March 10, 2020

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To: Jeremiah J. Griffin
NYSID: 11722468Z
B&C No. 1412000296
Anna M. Kross Correctional Facility
18-18 Hazen Street
East Elmhurst, NY 11370